IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BIRTA R. FORD**                                                   **PLAINTIFF**

**VERSUS**                                                   CAUSE NO. 1:21cv13-SA-DAS

**WAL-MART STORES EAST, LP**                      **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual, liquidated, and punitive damages for violation of federal anti-discrimination statutes. The following facts support this action:

1.

Plaintiff BIRTA R. FORD is an adult resident citizen of 12695 Brooksville Road, Louisville, Mississippi 39339.

2.

Defendant WAL-MART STORES EAST, LP is a Delaware corporation. Defendant may be served with process upon its registered agent, C T CORPORATION SYSTEM, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant is an employer within the meaning of the Civil Rights Act of 1964 and within the meaning of the Family and Medical Leave Act. Defendant has its principal place of business in the State of Arkansas and state of incorporation in the State of Delaware, and not in the State of Mississippi.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343. There is more than $75,000.00 in controversy. This Court also has jurisdiction under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

4.

Plaintiff is a fifty-seven (57) year old black female. Plaintiff began work for Defendant in 1993, when Plaintiff was in her early twenties. Plaintiff worked a large variety of positions from 1993 until 2010, when she was promoted to the position of General Merchandising Supervisor. In 2012, Plaintiff was promoted to the position of Assistant Store Manager at Store #183 in Louisville, Mississippi.

5.

Plaintiff had good performance evaluations throughout all of her years of employment, until August 2018 when Defendant assigned Matthew Wisecup as the Store Manager, a Caucasian in his late twenties. Wisecup repeatedly stayed on Plaintiff about alleged offenses, gave Plaintiff poor evaluations, and insisted that Plaintiff could not work under him in his store. Wisecup expressly held Plaintiff's age against her. Wisecup made general comments about age, making such statements about his being very happy when an older white male retired; statements that he needed to get the old hands out; statements that the old hands held change back; and comments on the length of the time that Plaintiff had been employed.

6.

Louisville store manager Wisecup continuously discriminated against Plaintiff, based on her race and age, by multiple baseless complaints about her performance. Ultimately, Wisecup caused Plaintiff to be transferred to another store (the Philadelphia store). Plaintiff applied for a position at the Philadelphia store as pharmacy manager, but did not get that position because it was given to a white person. Ultimately, Plaintiff accepted a position as a sales associate, at a substantial loss in salary. Plaintiff's loss of her position as assistant store manager, Plaintiff's being transferred to the Philadelphia store, Plaintiff's not receiving the position as pharmacy technician, and Plaintiff's being demoted to the position of sales associate were all the result of race and age discrimination.

7.

Plaintiff has filed an EEOC charge, complaining of the race and age discrimination, attached hereto as Exhibit "A." and received the right to sue letter, attached hereto as Exhibit "B."

8.

Plaintiff's EEOC charge correctly and truthfully alleges that Plaintiff suffered adverse employment actions, including a transfer, a demotion, and failure to obtain a position as a pharmacy technician as a result of her age and race. In response to Plaintiff's EEOC charge, Defendant claimed that the reason for the adverse employment actions were unrelated to Plaintiff's age and race, and were based upon poor performance, as documented by disciplinary actions. The disciplinary actions about which Defendant informed the EEOC are attached hereto as Exhibit "C." In Exhibit "C," Defendant discusses the following disciplinary actions:

    A.    On January 9, 2017, Plaintiff received a Disciplinary Action 1, claiming that she had failed to log two (2) firearms into the system. Plaintiff was not even on duty at the time of the firearms incident. The store manager, James Jones,

assured Plaintiff that he was removing this disciplinary action from her record.

B. On March 27, 2018, Plaintiff was given another Disciplinary Action 1. This disciplinary action claimed that Plaintiff had failed to report an associate's misconduct. Actually, Defendant knows Plaintiff should not have received this Disciplinary Action 1, because Store Manager Jones, had directed that this incident not be reported. The incident involved two (2) employee arguing with each other. Jones directed that he would handle the matter, and he did not want the incident reported. This second Disciplinary Action 1 also should not have been given.

C. Wisecup gave Plaintiff disciplinary actions for poor work performance on February 22, 2019 and on March 16, 2019. In fact, Plaintiff was not guilty of either of these incidents of alleged poor work performance or poor supervision. Plaintiff painstakingly performed her job, coming in early and leaving late, when her work was not completed. Other store managers would sometimes not complete overnight work and would not work late, but Plaintiff distinguished herself by working late to complete any tasks that were not completed. The two (2) disciplinary actions given by Wisecup, described as Disciplinary Action 2 (orange) and Disciplinary Action 3 (red) were given because of race and age bias and not because Plaintiff deserved them.

9.

The pattern of Wisecup continuously making corrections of Plaintiff's alleged poor job performance began very shortly after he became employed as the store manager. However, the actions by Wisecup worsened when Plaintiff asked to take leave to care for her brother who had a leg amputated. Wisecup refused to allow Plaintiff to have leave, but took her off the night shift and transferred her to the day shift. After requesting leave to care for her brother, Wisecup became even more harsh with Plaintiff than he had formerly been. After Plaintiff was denied this leave, Wisecup made statements that he wanted Plaintiff to be looking for another position.

10.

In approximately September 2018, Plaintiff took necessary medical leave, lasting approximately six (6) weeks, for surgery. This leave exacerbated Wisecup's hostility toward Plaintiff. After Plaintiff took this medical leave, Wisecup began to tell Plaintiff that if she did not find another position, he was going to fire her. There were other available positions in the store. When Plaintiff asked about those vacancies, Wisecup told her that he did not want her to have any position in his store in Louisville, and she would be fired if she did not find a position in another store. Plaintiff was, therefore, limited to finding a position in a different store.

11.

Plaintiff had substantial experience working in the pharmacy. Therefore, in approximately December 2019, and in order to avoid being fired, Plaintiff applied for a position as a pharmacy technician. Plaintiff was not hired as a pharmacy technician, but a younger female Native American person was hired for the position. Also, on a date which Plaintiff does not remember, Defendant replaced Plaintiff as Assistant Store Manager with a much younger, non-African-American.

12.

While Plaintiff was employed as Assistant Store Manager, other black assistant managers were transferred out of the store. Plaintiff is aware of three (3) younger black assistant managers who were transferred. The three (3) younger black assistant managers were retained as assistant managers in other stores. To Plaintiff's knowledge, Plaintiff, an older black female, is the only person who was demoted. The younger black employees were given lateral transfers.

13.

Although Plaintiff was not given the position as a pharmacy technician in another store, she was given a position as a pharmacy sales associate in the Philadelphia store. Because Defendant would not allow Plaintiff to work in the Louisville store because of Wisecup's animus against her, Plaintiff now travels to Philadelphia, Mississippi to work as a pharmacy sales associate, where she earns a dramatically reduced salary. Plaintiff earns $17.55 as a pharmacy sales associates, and was earning approximately $50,000.00 a year as Associate Store Manager. Plaintiff would have received more than $17.55 an hour had she been given the pharmacy technician position.

14.

Defendant's discrimination against Plaintiff consists of forcing Plaintiff to be demoted from her Assistant Manager position and by refusing to give Plaintiff a pharmacy technician position. Defendant violated the following: (a) the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*; (b) the provisions against race discrimination contained in Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; (c) prohibitions against race discrimination found in 42 U.S.C. § 1981; and (d) prohibitions against willful age discrimination found in the Age Discrimination in Employment Act.

15.

Plaintiff is entitled to actual, liquidated, and punitive damages in an amount to be determined by a jury.

## REQUEST FOR RELIEF

Plaintiff requests actual, liquidated, and punitive damages, in an amount to be determined by a jury, an injunction awarding Plaintiff the job of assistant store manager, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 1st day of February, 2021.

                                BIRTA R. FORD, Plaintiff

                By:    */s/ Jim Waide*
                          Jim Waide, MS Bar No. 6857
                          waide@waidelaw.com
                          WAIDE & ASSOCIATES, P.A.
                          332 North Spring Street
                          Tupelo, MS 38804-3955
                          Post Office Box 1357
                          Tupelo, MS 38802-1357
                          (662) 842-7324 / Telephone
                          (662) 842-8056 / Facsimile

                          ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **BIRTA R. FORD**, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing **COMPLAINT** are true and correct as stated therein.

_____
**BIRTA R. FORD**

GIVEN under my hand and official seal of office on this the 15th day of January, 2021.

_____
NOTARY PUBLIC

My Commission Expires: April 4, 2023

(SEAL)
STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 84834
KIMBERLEY M. SANDERS
Commission Expires
April 4, 2023
LEE COUNTY